DEIDRICH MOSHEIMER

*v.*

HENRY USSLEMAN.

EJECTMENT — *outstanding title.*    In an action of ejectment the plaintiff proved
he was sole heir of B., who had died seized in fee of the premises in contro-
versy.    The evidence also showed that B. devised the land to his wife, and
that she survived him and was dead at the time of the trial; but there was no
evidence whatever as to the date of her death, or whether she died before or
after the commencement of the suit.    *Held,* that the court could not presume
that she was dead at the commencement of the suit, and without proof of that
fact the plaintiff could not recover.    So far as appears, there was an outstand-
ing title in the widow when the suit was commenced.

WRIT OF ERROR to the Circuit Court of Clinton county;
the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of ejectment, commenced by the plaintiff
in error, Mosheimer, against the defendant in error, Ussleman,

at the March term, 1863, and tried at a subsequent term. A jury was waived, and the court gave judgment for the defendant below. The facts, so far as they are at all material to the questions decided, are given in the opinion of the court.

Messrs. W. H. & J. B. UNDERWOOD, for the Plaintiff in Error.

Mr. H. K. S. O'MELVENY, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, commenced by Mosheimer and wife, in right of the latter, as heiress of one Ferdinand Bohn, who died seized of the premises in controversy in 1848. In making out his case, the plaintiff proved merely the seizin and death of Bohn, and the heirship of the plaintiffs. The defendant set up a title derived from a sale by the executors of Bohn, under the order of the County Court, for the payment of debts. On the trial, the defendant's counsel put in evidence so much of the record of the County Court as he deemed necessary to sustain his claim of title. The plaintiff's counsel then offered, without objection, the residue of the record, which showed, among other things, a will by Bohn, duly executed, probated and recorded, by which the land in controversy was devised to Margaret Bohn, his wife.

In the printed briefs submitted to us, the counsel for the defendant insists that the court cannot look into the alleged defects in his title derived from the executor's sale, inasmuch as the record shows an outstanding title in the widow, Margaret Bohn. We are obliged to adopt this view of the case. The only information furnished by the record in regard to Margaret Bohn is in the following brief words, which we take from the bill of exceptions: "At Bohn's death he left a widow, since deceased." Now, if she died before the commencement of this suit, and left no other children born in wedlock than the offspring of the marriage with Bohn, then the title stood, at the commencement of the suit, in the same position as if the will had never been made. But we have no more right to assume

15 — 36 ILL.

these facts, in order to sustain the plaintiff's title, than we have to assume the existence of any other facts material to his case. Margaret Bohn is shown to have survived her husband, and to have been the devisee of the land, and to have been dead at the time of the trial. But unless she was dead when the suit was commenced, the plaintiff cannot recover, and how can the court say whether she was or not? If this fact had affirmatively appeared upon the record the court would probably have presumed, from the statements contained in the bill of exceptions, that the offspring of her marriage with Bohn were her sole heirs. But there is not a syllable in the entire record upon which to found a presumption as to the date of her death, as compared with the commencement of this suit. We are constrained to affirm the judgment without examining the validity of the executor's sale.

*Judgment affirmed.*